

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 10, 1974

The Honorable Robert E. Stewart
Department of Banking
John H. Reagan State Office Bldg
Austin, Texas 78701

Opinion No. H- 277

Re: Whether use of cash dispensing machine is "banking" as used in Article 16, §16, Constitution of Texas

Dear Commissioner Stewart:

You have asked our opinion as to whether a proposal for the use of cash dispensing machines in retail stores would violate either Article 16, §16, of the Texas Constitution or Article 342-903, Vernon's Texas Civil Statutes.

As the plan has been described to you by its proponents, it is designed to assist retail stores in cashing checks without all of the elaborate precautionary measures now taken against "hot" checks.

It is proposed to locate a dispensing terminal in a participating retail store, consisting of a card reader, a telephone hook-up, a printer, pre-packaged currency and a mini-computer.

The customer would be issued a card on application by the store or by a participating bank, or, an existing major credit card might be used.

A customer needing cash would insert his card into the terminal at the store and would "key in" his personal identification number. If properly identified, the terminal would ask the customer to key in the amount of money needed.

The terminal would then communicate with the appropriate bank over telephone lines to discover (1) if the customer had a valid account at the bank and (2) if he had sufficient funds to cover the request. If not, the transaction ends and the cutomer is told why. If he does, the currency is dispensed, and the information is transmitted to the customer's bank.

The store would own, install and maintain the terminal.  It would furnish the monies used and assume the risk of any loss that might occur.

The proponents have suggested that this differs little from the traditional check cashing function of a retail store where it orally checks on the customer's account, etc. , by telephone with the banking institution.

Section 16 of Article 16 of the Texas Constitution provides that the Legislature shall provide, by law, for the establishment and regulation of banks.  It contains the provision that "Such body corporate shall not be authorized to engage in business at more than one place which shall be designated in its charter."

Article 342 -903, V. T. C. S. , provides in part:

> "No State, national or private bank shall engage in business in more than one place, maintain any branch office, or cash checks or receive deposits except in its own banking house.. . . ."

Your request, it would seem, presents two questions: (1) Assuming the facts presented to be true, are participating banks violating prohibitions against branch banking and (2) are the retail stores unlawfully engaged in banking?

We believe the answer to your first question must be in the negative. So long as the net effect of the operation is that it is the retail store cashing the checks and taking the risk of loss, with no more than an up-to-date, computerized method of verification, we do not feel that it will be held that the participating banks are engaged in forbidden branch banking.  Compare Attorney General's Opinions M-915 (1971) with M-273 (1968).  The former approved a plan under which machines, located on the premises of each participating bank, would cash checks of the others as well as those of its own customers through the use of a card.  On the other hand, M-273 refused to approve a scheme under which banks would maintain deposit boxes off their premises, even if they were ostensibly owned, maintained and operated by a third person, on the theory that the courts would not allow circumven-

tion of the branch banking laws by employment of a subterfuge involving so-called independent contracts.

We answer your second question that, in our opinion, a retail store owning and operating the described equipment and doing no more than cashing personal checks would not be held to be illegally engaged in banking.

In Brenham Production Credit Association v. Zeiss, 264 S.W. 2d 95 (Tex. 1953), the question was whether the Association was subject to taxation as a banking corporation. The court, in holding that it was not, said:

> "Historically a bank served merely as a place for the safekeeping of the depositors' money and even now that is a primary function of a bank. 9 C.J.S., Banks and Banking, §3, page 31. The term "bank" now by reason of the development and expansion of the banking business does not lend itself to an exact definition. 7 Am.Jur., Banks, §2.

> "In Kaliski v. Gossett, Tex. Civ.App., 109 S.W. 2d, 340, 344, wr. ref., the following is quoted with approval from In re Prudence Co., 2 Cir., 79 F. 2d 77: 'Strictly speaking the term bank implies a place for the deposit of money, as that is the most obvious purpose of such an institution.'

> "In Warren v. Shook, 91 U.S. 704, 23 L.Ed.421, the court observes that 'having a place of business where deposits are received and paid out on checks and where money is loaned upon security is the substance of the business of a banker.'

> "While, of course, the lending of money is one of the principal functions of a bank, nevertheless there are many agencies authorized by both state and federal

governments to lend money, which are not banks nor considered as such. . . .

"The activities of this association are limited by law to making short-term loans to farmers for agricultural purposes and only to those who purchased stock in the association.  To carry out such function it was authorized to borrow from and rediscount paper with Federal Intermediate Credit Banks and could deal in that respect with no other bank or agency except with the approval of the Governor of the Farm Credit Administration.  Section 1131h, Title 12 U.S.C.A.  It cannot deal in exchange or purchase notes and is not under the supervision of the national or state banking authorities." (264 S. W. 2d at 97-98).

And see Attorney General Opinion H-100 (1973).

## SUMMARY

Where a retail store owns electronic equipment by which a customer may cash a check drawn on a participating bank, with the store furnishing the funds and assuming all risks, the bank's participation is not violative of the branch banking prohibition contained in Article 16, §16, of the Constitution and Article 342-903, V. T. C. S., and the store is not illegally engaged in the banking business.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee